UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHERYL SMITH, d/b/a Reliable
Marine Salvage & Towing,

    Plaintiff,

v.                                           Case No: 2:16-cv-833-FtM-99CM

ONE 2016 55' PRESTIGE YACHT,
known as "Sum Uh Dat II", its
engines, tackle, equipment,
apparel, appurtenances,
etc., in rem, and WINTON
REBOUCHE, JR., in personam,

    Defendants.

## OPINION AND ORDER

This matter comes before the Court on defendant Winton Rebouche, Jr.'s (defendant or Rebouche) Motion to Dismiss (Doc. #12) filed on December 20, 2016. Plaintiff filed a response (Doc. #14) to which Rebouche replied (Doc. #16). For the reasons set forth below, the motion is denied.

**I.**

On November 15, 2016, plaintiff Cheryl Smith, doing business as Reliable Marina Salvage & Towing, filed a three-count Complaint for maritime salvage and lien due to non-payment of salvage services rendered to the defendant vessel, One 2016 55' Prestige Yacht known as "Sum Uh Dat II." (Doc. #1.) Plaintiff also brings

suit against Rebouche individually, as owner of the vessel. (Id. at ¶ 4.)

As alleged in plaintiff's Complaint, on or about October 24, 2016, plaintiff received notification that a motor yacht had become stranded hard aground on Johnson Shoals near Boca Grande Pass near the north tip of Cayo Coasta State Park. (Id. at ¶¶ 5, 7.) Upon arrival at the scene of the imperiled vessel, the plaintiff's crew encountered Rebouche, who was aboard the vessel. (Id.) Rebouche stated that he had just taken delivery of the vessel a few days before, that he had encountered rough seas and that his wife had become ill, so he had decided to anchor in Boca Grande Pass. (Id. at ¶ 6.) The anchor did not hold and the vessel was driven upon Johnson Shoals by the wind and sea before Rebouche realized it. (Id.)

After assessing the situation, plaintiff's crew informed Rebouche that the operation was a maritime salvage, would not be covered as a tow, and that Rebouche should inform his insurer. (Doc. #1, ¶ 11.) Rebouche accepted the services of plaintiff and stated that he wanted the vessel to be taken to Anna Maria Island and checked for damages. (Id.) Prior to the salvage, Rebouche signed plaintiff's maritime salvage form, acknowledging that the operation to free the vessel would be a maritime salvage and agreed

to pay any charges upon completion.[1]  (Id. at Exh. A.)  As Rebouche had requested, plaintiff successfully salvaged the vessel and towed it to Anna Maria Island.  (Id. at ¶ 16.)  Rebouche has not paid plaintiff for these services.  (Id. at ¶ 23.)

**II.**

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take

---

[1] Interestingly, both plaintiff and Rebouche submitted their own versions of the same maritime salvage form, the most important differences for our purposes is that the name "Blake Alexandria Corp." is written at the bottom of the form submitted by Rebouche. Compare Doc. #1, Exh. A with Doc. #12-2. Both versions appear to be signed by Rebouche.

them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth." Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

### III.

Rebouche seeks dismissal of the Complaint against him because he is not the owner of the vessel and plaintiff has not pled any predicate for piercing the corporate veil or otherwise imputing individually liability to Rebouche. He asserts that the vessel is in fact owned by Blake Alexandria, LLC, a Florida limited liability company[2], information which was readily ascertainable to

---

[2] A review of the Florida Department of State, Division of Corporations website reveals that Rebouche is the sole member of Blake Alexandria, LLC.  www.sunbiz.org (last visited Jan. 12, 2017).

plaintiff prior to filing the Complaint.  In support, Rebouche attaches the Bill of Sale for the vessel that lists Blake Alexandria, LLC as owner.  (Doc. #12-1.)

Plaintiff responds that she has brought suit against Rebouche because he personally participated in the wrongdoings identified in the Complaint, namely ordering plaintiff's services and signing the maritime salvage form as the owner of the vessel and otherwise communicated to plaintiff's crew that he was the owner, thereafter failing to pay for the services.  Plaintiff states that Rebouche is attempting to submit evidence to the Court which is improper at the motion to dismiss stage and if further facts are discovered she may amend the Complaint to name another defendant.  But as the facts are now known to plaintiff, she argues that the Complaint is sufficiently pled to survive a motion to dismiss.

Here, individual liability for a salvage award is not premised upon piercing the corporate veil, and the Complaint alleges that the actions of Rebouche caused it harm.  The maritime salvage form was signed by Rebouche and it is alleged that he informed plaintiff and her crew that he was the owner of the vessel.  When analyzing a motion to dismiss for failure to state a claim, the court typically considers only the complaint and the exhibits attached thereto.  Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007).  However, a district court may also consider a document attached to a motion to dismiss if the document is

central to the plaintiff's claim and the authenticity of the document is not challenged. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005). Because the documents submitted by Rebouche regarding the proper owner of the vessel are not central to plaintiff's claims and are otherwise challenged by plaintiff, the Court will not consider them at the motion to dismiss stage. (Docs. ## 12-1, 12-2.) Thus, plaintiff has stated a plausible claim against Rebouche individually and the motion to dismiss is denied.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant Winton Rebouche, Jr.'s Motion to Dismiss (Doc. #12) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___17th___ day of January, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record